UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GALE SUSAN DAHM,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-0477-RBL-MAT

ORDER RE: OVER-LENGTH BRIEF

The original Scheduling Order issued in this case set an August 24, 2017 deadline for the filing of an Opening Brief, limited to eighteen pages. (Dkt. 14 at 1.) The order stated the dates and page limitations were firm and could be changed only by order of the Court, and that a stipulation or motion to extend time or page limitations must be noted on the Court's calendar prior to the due date pursuant to the briefing schedules established in Local Civil Rule (LCR) 10(g) and LCR 7. The order also set forth requirements for the content of the briefing. (*Id*. at 2.)

Plaintiff, through counsel, failed to comply with the August 24, 2017 deadline. She neither filed a brief, nor asked for additional time within which to file it. The Court issued an Order to Show Cause why this matter should not be dismissed for failure to comply with the briefing

ORDER RE: OVER-LENGTH BRIEF
PAGE - 1

schedule or to otherwise timely pursue claims. (Dkt. 15.) In response, counsel for plaintiff indicated she had been unable to reach and communicate with her client. (Dkt. 16.) Still, plaintiff neither filed a brief, nor requested a firm deadline extension. Therefore, the Court set an in-person status conference and, at that conference, admonished counsel for the failure to comply with the briefing schedule and granted her oral, unopposed request for an extension. (Dkts. 17-18.) Plaintiff assured the Court the brief could be filed within one week, but, in an exercise of caution, the Court allowed an additional two weeks to file plaintiff's Opening Brief.

Issuing a revised Scheduling Order, the Court set a deadline of October 4, 2017 for the filing of the Opening Brief. (Dkt. 19 at 1.) The order again noted the limitation to eighteen pages. On the last day of the two-week deadline, plaintiff filed a thirty-three page Opening Brief, without any request for an extension of the page limitation. (Dkt. 20.) The form of the over-length brief was also out of compliance with the Scheduling Order's directives to provide only a brief summary of the relevant procedural history, to not include a lengthy recitation of background facts or medical evidence, and to avoid boilerplate discussions of governing legal standards. (*See* Dkts. 14, 20.) The Court issued an Order to Show Cause why the Opening Brief should not be stricken and directed plaintiff to respond by October 10, 2017.

On October 11, 2017, a day after the deadline, plaintiff responded to the Court's order (Dkt. 23), with a Motion to File Over-Length Brief (Dkt. 24). Plaintiff explained the reason for the excess pages as owing to the protracted and complex nature of the case, indicated that in response to the Order to Show Cause she shortened the brief to twenty-five pages, and requested permission to file the brief attached to her motion. The attached brief was a thirty-three page brief identical to that previously submitted. (*Compare* Dkt. 20, *with* Dkt. 24-1.)

/ / /

ORDER RE: OVER-LENGTH BRIEF
PAGE - 2

1        The Court issued a Minute Order noting the discrepancy in the brief as described and submitted, and ordered plaintiff to immediately file the proposed twenty-five page Opening Brief referenced in her response. (Dkt. 25.) Plaintiff again filed the same thirty-three page brief. (Dkt. 26.)

       Counsel for plaintiff has repeatedly failed to comply with directives and orders of this Court. The explanations provided by counsel do not fully account for the lack of compliance. However, to avoid prejudice to plaintiff, the Court declines to strike the Opening Brief or to otherwise further delay the proceedings in this matter.

       Plaintiff's Motion to File Over-Length Brief (Dkt. 24) is GRANTED in part. The Court will not consider the portions of the Opening Brief failing to comply with the Scheduling Order. Namely, the Court will not consider the seven-and-a-half pages of the brief containing a summary of the administrative proceedings, statement of facts, description of relevant medical evidence, summary of testimony, and the standard of review. (*See* Dkt. 26 at 2-9.) Excluding the caption and signature block pursuant to LCR 7(e)(6), the Court will consider the remaining twenty-four pages of content in the Opening Brief. The Court will further allow defendant to submit a responsive brief totaling no more than twenty-four pages.

       The Court also herein extends the briefing schedule. Defendant shall file a Response Brief, limited to **twenty-four (24) pages**, on or before **November 13, 2017**, and plaintiff may file an Optional Reply Brief, limited to **nine (9) pages**, on or before **November 27, 2017**. **Plaintiff will not be granted any extensions of the filing deadline or the page limitation**.

       DATED this 13th day of October, 2017.

                                             Mary Alice Theiler
                                             United States Magistrate Judge